DECISION.
{¶ 1} The defendant-appellant, Mary Burwinkel, appeals from her conviction for failing to maintain reasonable control of her automobile, a violation of R.C. 4511.202. Burwinkel admittedly lost control of her vehicle when she began applying the brakes in reaction to a two-car accident that had occurred one hundred to one hundred and seventy-five yards ahead of her on an interstate highway during a heavy rain. She was fined $20 and ordered to pay court costs.
 {¶ 2} In her four assignments of errors, Burwinkel argues that her conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence, and that the trial court erred by disallowing questions regarding subsequent repairs to the stretch of the interstate where she lost control of her vehicle, and by excluding certain documentary evidence in which the Director of Transportation had declared the road unsafe and ordered corrective measures. For the following reasons, we affirm.
 FACTS {¶ 3} Burwinkel testified that on August 24, 2004, she was driving her husband's 1988 BMW convertible northbound on Interstate 75, toward westbound Interstate 74, when she saw that a two-car accident had occurred approximately one hundred to one hundred and seventy-five yards ahead. According to Burwinkel, she was driving slowly and had "consciously adjust[ed] my speed safely to the weather conditions." She testified that she did not panic but began a controlled stop. Her vehicle went into a spin for a reason she could not explain. According to Burwinkel, during the initial stage of the spin she maintained enough control to avoid hitting the car next to her. But the lack of an emergency lane, she testified, deprived her of further room to maneuver, and her vehicle ultimately collided with the left berm.
 {¶ 4} Burwinkel described how, after her vehicle came to a rest, she drove along the berm up to the scene of the two-car accident. She testified that an officer at the scene of the accident stopped traffic to enable her and the other drivers involved in the accident to drive their vehicles off the interstate at the closest exit ramp.
 {¶ 5} According to Burwinkel, Officer John Haynes then interviewed her at a gas station near the exit ramp. She testified that she identified herself as the person involved in the single-car accident and that Haynes promptly wrote her a ticket. Describing herself as shocked, Burwinkel testified that she asked Haynes why she was receiving a ticket, and that he responded, "[Y]ou lost control of your vehicle, you get a ticket."
 {¶ 6} Although Burwinkel testified that she did not have any conversation with Haynes before he gave her a ticket, Haynes, the state's only witness, testified that he asked her what had happened. He stated that she told him that she had "tried to stop for the cars that were stopping and she lost control and hit the wall." He testified that when Burwinkel told him that she had not driven unreasonably, he responded by attempting to explain to her that "when she was in the vehicle, you are in control of it, that if something happens other than the normal driving, you are responsible for it, meaning if the car stops in front of you, you have to be able to stop." Haynes acknowledged that he did not go back to investigate the accident scene and that there were no witnesses to Burwinkel's accident for him to interview. He testified that Burwinkel had told him that she was driving 20 miles per hour when she began to lose control of her vehicle.
 {¶ 7} Haynes acknowledged that it was raining hard at the time of the accident, but he observed that "it wasn't a torrential downpour." He stated that when it rained hard, there were normally during his shift "between three to four accidents" on that particular stretch of interstate. He also noted that thousands of cars travelled that part of the interstate during his shift, and that, in his view, three to four accidents per shift was not "a lot." According to Haynes, the stretch had been recently graded in an effort to get drivers to slow down.
 ANALYSIS {¶ 8} Although not specifying a mental state for culpability, R.C. 4511.202 requires that the offender lack "reasonable control" while operating his or her vehicle. The lack of "reasonable control" is a necessary element of the offense.State v. Bentley (Oct. 14, 1987), 2nd Dist. No. 87-CA-18.
 {¶ 9} In the instant case, Burwinkel argues that the mere fact that she lost control of her vehicle, to the point of nearly striking another vehicle and actually colliding with the left berm, was insufficient as a matter of law to establish that she had lost reasonable control. She argues that because Haynes did not witness the accident, and because there was no evidence that she was speeding or had done anything other than apply the brakes before her vehicle went into a spin, there was no evidentiary basis to conclude that her loss of control was unreasonable. We disagree.
 {¶ 10} Although we have found no clear exposition of what constitutes reasonable control by the Ohio Supreme Court, we are persuaded by the following language from the Vermont high court: "The operator of a motor vehicle has a duty to have his vehicle under reasonable control as to avoid injury which requires that the speed of the vehicle be reasonable under all circumstances, having regard for the actual and potential hazards then existing.The extent of control is the ability to stop as quickly andeasily as circumstances may reasonably be expected to require,and when the result is not accomplished the inference is obviousthat the vehicle was going too fast or that a proper effort tocontrol it was not made by the driver." Mobbs v. Central VermontRailway, Inc. (1990), 155 Vt. 210, 221-221, 583 A.2d 566
(emphasis supplied).
 {¶ 11} We hold that such an inference was appropriate in this case. Whatever the reason for Burwinkel's vehicle going into a spin, it is clear that, unlike the other drivers reacting to the two-car accident ahead of her, she was unable to brake properly and maintain proper control of her vehicle. That she was unable to exert such control, while others about her did, certainly justified an inference that her driving fell below a reasonable standard — a standard that other drivers were able to adhere to, even given the circumstances of the accident up ahead and the heavy rain.
 {¶ 12} We therefore overrule Burwinkel's first assignment of error, in which she asserts that the state erred by failing to grant her Crim.R. 29 motion for an acquittal after the close of the state's case. We also reject her claim, presented in her fourth assignment of error, that her conviction was contrary to the manifest weight of the evidence. Although Burwinkel testified credibly that she did not panic and exerted an effort to control her vehicle, she never did proffer a plausible explanation for her inability to bring her vehicle to a controlled stop. It is noteworthy that although Burwinkel recounted the heavy rain at the time of her accident, she did not theorize or provide any expert testimony that unavoidable hydroplaning was the cause of her vehicle's losing traction. In rendering its decision, the trial court commented upon Burwinkel's failure to provide it with a proper basis to conclude that extraneous factors beyond her reasonable control had caused her car to spin. In the absence of such evidence, we cannot say that the trial court lost its way or created a manifest miscarriage of justice when it concluded that there was no evidence to counter the inescapable inference that Burwinkel had failed to exert a reasonable effort to control her vehicle.
 {¶ 13} In her second and third assignments of error, Burwinkel asserts that the trial court erred by prohibiting her from further asking Haynes about efforts to make the interstate where her accident occurred safer for drivers, and by excluding as inadequately authenticated a declaration by the Director of Transportation that additional skid resistance was needed on the ramps leading to Interstate 74 due to the "many accidents occurring on these ramps."
 {¶ 14} The trial court prohibited further questioning concerning efforts to make the interstate safer on the basis of Evid.R. 407, which prohibits the use of subsequent remedial measures to "prove conduct or culpable conduct," but not for other purposes "such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Obviously, Burwinkel was not attempting to use such evidence to establish negligence, but to show the lack of it in losing control of her vehicle. Thus, Evid.R. 407 was inapposite.
 {¶ 15} However, we note that at least one other court of appeals has concluded that such evidence is simply irrelevant to the issue of whether a particular defendant exercised reasonable control. In State v. Diem (Aug. 11, 1993), 9th Dist. No. 2777, the trial court, indicating its failure to understand how such evidence was relevant, granted the state's motion to quash the defendant's subpoena for highway-patrol records of prior accidents on the same portion of the highway where the defendant had allegedly driven without reasonable control. The Ninth Appellate District agreed with the trial court, stating, "The fact that other drivers may have driven over the edge of the road does not tend to establish how a reasonable person would act under similar circumstances."
 {¶ 16} We note further that, in rendering its finding of guilt, the trial court made clear that it was well aware of the incidence of accidents on the ramp leading to Interstate 74. Furthermore, although it excluded the declaration of the Director of Transportation on technical grounds, the court indicated that it had reviewed the document before rendering its decision. In the court's view, even if properly authenticated, the document was not relevant because it failed to offer an explanation for the particular accident in which Burwinkel was involved. The court remarked that in order for the declaration to be relevant, it had to explain why Burwinkel's particular car had spun out of control.
 {¶ 17} Given the court's analysis of the rejected evidence, we perceive no prejudice in the court's refusal to admit it even if its refusal had been in error. Obviously, the court wished for more than simply evidence of prior accidents or proposed safety improvements to understand how Burwinkel had lost control of her vehicle if not for her failure to exercise proper control. Perhaps if Burwinkel had put on stronger evidence of hydroplaning, or if she had been able to point to some obstruction such as accident debris that had caught her by surprise, the trial court might have found her loss of control to be reasonable. However, under the circumstances, with her being inexplicably unable to stop her vehicle successfully, while others about her had managed to do so despite the rain and the accident up ahead, we cannot say that the trial court lost its way or committed a manifest miscarriage of justice by finding her guilty of operating her vehicle without reasonable control.
 {¶ 18} Accordingly, Burwinkel's four assignments of error are overruled, and the judgment of the trial court affirmed.
Judgment affirmed.
Gorman, P.J., Sundermann and Hendon, JJ.